IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


EVANS A. WYNN-TURNER,          :
                               :
          Plaintiff            :          CIVIL NO. 3:CV-16-511
                               :
     v.                        :
                               :          (Judge Conaboy)
                               :
CLAIR DOLL, ET AL.,            :
                               :
          Defendants           :
_____

**MEMORANDUM**
**Background**

     Evans A. Wynn-Turner, an inmate presently confined at the York County Prison, York, Pennsylvania, initiated this pro se civil rights action.  Named as Defendants are the following York County Prison officials: Deputy Warden Clair Doll; Grievance Coordinator Brittney O'Brien; Property Supervisor/Officer Jeff Kunkle; Prison Board Solicitor Donald L. Reihart; and Shift Supervisor Lieutenant John Doe; and two John Doe intake correctional officers.  Accompanying the Complaint is a request for leave to proceed in forma pauperis.  See Doc. 2.

     According to the Complaint, the Plaintiff entered the York County Prison on April 28, 2015.  During the admission process Correctional Officer John Doe # 1 allegedly "openly admired" a set of 2 carat diamond earrings which were in the possession of Wynn-

1

Turner.  Doc. 1, ¶ 8.  Plaintiff contends that he was not provided with a personal property inventory sheet by correctional staff during the intake procedure.

On July 25, 2015, Plaintiff purportedly attempted to have the earrings sent home.  An unidentified correctional officer informed that the earrings could not be located and had probably been stolen.  See id., ¶ 16.  Wynn-Turner filed an institutional grievance regarding his alleged loss of property with Defendant O'Brien which was denied.  Administrative appeals of the denial were subsequently denied by Defendants Doll and Reihart.  The Complaint maintained that Doll and O'Brien lied because their written denials falsely indicated that Plaintiff had signed a property inventory sheet upon his admission into the prison.[1]  The Complaint seeks injunctive and declaratory relief as well as nominal, compensatory, and punitive damages.

---

[1]  Exhibits attached to the Complaint indicate that the initial response by Defendant O'Brien to Plaintiff's administrative grievance concerning the alleged missing earrings stated that the inmate had signed a personal property sheet upon being admitted into the York County Prison which did not list his possession of earrings.

A response by Defendant Doll to an administrative appeal filed by Wynn-Turner  stated that there was no property sheet but nonetheless denied relief because there was no evidence showing that Plaintiff arrived at the prison with earrings.  Following a further appeal Solicitor Reihart, a further investigation was ordered.  Thereafter, according to a March 2, 2016 response by Reihart, it was discovered that the prison did have a personal property sheet signed by Plaintiff which indicated that the inmate did not have any jewelry when he entered the prison.  See Doc. 1, Exhibit B, p. 11.

## Discussion

### Standard of Review

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

### Personal Involvement

With respect to the claims against Deputy Warden Doll, Grievance Coordinator O'Brien, Property Supervisor Kunkle and Prison Solicitor Reihart,  civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

A defendant in a civil rights action must have

3

> personal involvement in the alleged wrongs. . . .
> [P]ersonal involvement can be shown through
> allegations of personal direction or of actual
> knowledge and acquiescence.  Allegations of
> participation or actual knowledge and acquiescence,
> however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Prisoners also have no constitutionally protected right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).  Pursuant to those decisions, any attempt by a prisoner to establish liability against a correctional official based upon their handling of his administrative grievances or complaints does not support a constitutional claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance

4

process not a basis for § 1983 liability); <u>Pryor-El v. Kelly</u>, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

There are no facts alleged in the Complaint showing that Defendants Doll, O'Brien, Kunkle and Reihart were personally responsible for the purported loss of his earrings.  Based upon an application of the standards announced in <u>Rode</u> and <u>Hampton</u>, Plaintiff's action to the extent that it seeks to establish liability against Deputy Warden Doll, Grievance Coordinator O'Brien, Property Supervisor Kunkle and Prison Solicitor Reihart solely based upon their respective supervisory capacities within the York County Prison cannot proceed.  Such <u>respondeat superior</u> type assertions are simply insufficient for establishing civil rights liability. Likewise, any attempt by Plaintiff to set forth a civil rights claim against those officials based upon their responses to administrative grievances and administrative appeals filed by the Plaintiff is equally inadequate under <u>Flick</u> and <u>Alexander</u>.

Accordingly, dismissal will be granted in favor of Deputy Warden Doll, Grievance Coordinator O'Brien, Property Supervisor Kunkle and Prison Solicitor Reihart Defendant Young with respect to any claims asserted them which are based upon either their supervisory capacities within the York County Prison or their handling of Plaintiff's administrative grievance and resulting

appeals.

**Personal Property**

As discussed above, Plaintiff's action seeks relief based upon his contention staff at the York County Prison either intentionally or inadvertently caused the loss of a set of diamond earrings which were in his possession at the time he entered that correctional facility.

It is well settled that a civil rights claim cannot be brought to vindicate a prisoner's right to property when the deprivation occurs as a result of a tortious and unauthorized act and where an adequate remedy exists to compensate those who have suffered tortious loss. Parratt v. Taylor, 451 U.S. 527, 543-544 (1981).

The United States Supreme Court extended Parratt to include intentional deprivations of property, holding that where a prisoner has an adequate post-deprivation remedy for any loss suffered to his or her property, a claim under § 1983 is not available. Hudson v. Palmer, 468 U.S. 517, 532-533 (1984).

Assuming arguendo that Plaintiff has adequately alleged that there was an intentional seizure of his personal property, the Plaintiff may not obtain relief via a civil rights action if he has an adequate alternative remedy.

As acknowledged by the Complaint, Wynn-Turner Murray has sought administrative relief regarding his purported loss of property via the York County Prison's multi-tiered administrative grievance system. Plaintiff can also file an action in Pennsylvania state

court regarding his deprivation of personal property claim.  Since
Plaintiff has adequate post deprivation remedies, his present civil
rights loss of personal property claim is subject to <u>sua</u> <u>sponte</u>
dismissal under the provisions of 28 U.S.C. § 1915 .  <u>See</u> <u>Mattis v.</u>
<u>Dohman</u>, 260 Fed. Appx. 458, 461 (3d Cir. 2008).

**State Law Claims**

       To the extent that Plaintiff wishes to pursue a state law
claim before this Court,[2] federal courts have jurisdiction over
state claims which are related to the federal claims and result from
a common nucleus of operative facts.  <u>See</u> <u>United Mine Workers v.</u>
<u>Gibbs</u>, 383 U.S. 715, 725 (1966); <u>Aldinger v. Howard</u>, 427 U.S. 1, 9
(1976).  Supplemental jurisdiction may be declined over a claim when
the court has dismissed all claims over which it has original
jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c)(3) (1997).  When rendering a
determination regarding pendent jurisdiction district courts should
consider judicial economy, convenience, and fairness to the
litigants.  <u>New Rock Asset Partners v. Preferred Entity</u>
<u>Advancements</u>, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

    Once jurisdiction has been exercised over the state claim,
elimination of the federal claim does not deprive the court of
jurisdiction to adjudicate the pendent claim.  <u>Id</u>. (citing <u>Lentino</u>
<u>v. Fringe Emp. Plans, Inc.</u>, 611 F. 2d 474, 479 (3d Cir. 1979)).
However, if a federal claim is dismissed prior to trial, the
district court should decline to decide the pendent state claims,

---

    [2] <u>See</u> Doc. 1, ¶ 34.

"unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claims that Plaintiff wishes to pursue. Of course, this determination does not preclude Plaintiff from seeking relief from the Pennsylvania state courts.

**Conclusion**

Since Wynn-Turner's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 5, 2016